KENT FEAREY and AGNES FEAREY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fearey v. Commissioner
Docket No. 12580-78.
United States Tax Court
T.C. Memo 1982-113; 1982 Tax Ct. Memo LEXIS 634; 43 T.C.M. (CCH) 726; T.C.M. (RIA) 82113; March 8, 1982. Kent Fearey, pro se. Isham B. Bradley, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1976 in the amount of $ 351. The only issue for decision is whether petitioner Kent Fearey is entitled to deduct expenses he incurred in an unsuccessful campaign for the United States Congress. FINDINGS *635 OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Oak Ridge, Tennessee, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1976 with the Director, Memphis Service Center, Memphis, Tennessee. Kent Fearey (petitioner) retired in February 1976 from his position as a nuclear materials auditor with the Atomic Energy Commission. During the taxable year 1976 petitioner expended $ 2,100 in waging an unsuccessful campaign for election as the congressman from the Third Congressional District in Tennessee. [1] On their Federal income tax return for the calendar year 1976, petitioners claimed as a miscellaneous deduction the amount of $ 2,100 for expenses related to Mr. Fearey's campaign for election to Congress. *636 Respondent, in his notice of deficiency, disallowed this claimed deduction with the explanation that the amount was not allowed because it had not been established that the expenses were incurred in a trade or business, constituted ordinary and necessary business expenses or were expended for the purpose designated. OPINION It is petitioner's position that he should be allowed his claimed deduction either under section 162 [2] as an ordinary and necessary business expense or under section 212 as an expense incurred for the production of income. He contends that the amounts he expended in connection with his campaign were spent in an effort to obtain a position as a congressman, which would have been a trade or business had he been successful and also would have produced income for him by way of salary. Petitioner recognizes that in , the Supreme Court held that campaign expenses incurred in seeking political office are not deductible. His argument is that the *637 better view is that expressed by Justice Black in his dissent in , and that it is time this fact was recognized by the Treasury Department, the Internal Revenue Service and the United States Congress. The holding of the Supreme Court in , has on a number of occasions been applied by this Court in disallowing amounts expended by a candidate seeking election to political office, whether the taxpayer was seeking an initial term or re-election. ; ; . In the very recent Court-reviewed case of , involving a different, but somewhat related, issue, we stated: In , the Supreme Court held that campaign expenses of a public official seeking election are not deductible. Section 162(e)(2)(A) is thus a codification of this rule. The Tax Court has consistently applied this rule in cases subsequent *638 to McDonald. See , and cases cited therein. * * * On the basis of the holding of the Supreme Court in , and the consistent holding of this Court in applying the rule lai down by the Supreme Court in that case, we conclude that petitioner is not entitled to deduct the $ 2,100 he spent in 1976 in his unsuccessful effort to be elected as the congressman from the Third Congressional District in Tennessee. Decision will be entered for the respondent.
Footnotes
1. Most of the testimony at the trial was concerned with establishing the amount Mr. Fearey spent in connection with his campaign for congressman. Since, in our view, he has established that he spent at least $ 2,100 in this endeavor, we see no need in this opinion to itemize the various expenditures to which petitioner testified.↩
2. Unless otherwise stated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue.↩